[File No. 7211]

ELLSWORTH LaDUKE, Personally, and as Trustee for the Workmen's Compensation Bureau of the State of North Dakota, Respondent, v. E. W. WYLIE COMPANY, a foreign corporation, and Rolly Hull, Appellants.

(44 NW2d 204)

Opinion filed September 8, 1950. Rehearing denied Oct. 17, 1950.

*Sullivan, Kelsch and Sullivan, (Albert R. Scanlon,* on oral argument) for appellants.

*Murray and Murray,* for respondent.

MORRIS, J. The defendant appeals from an order of the District Court striking that portion of the defendant's answer which

purports to set out an affirmative defense. The plaintiff and respondent has made a motion in this court for the dismissal of the appeal upon the grounds that the challenged order is not appealable.

The plaintiff alleges in his complaint that on or about the 21st day of April, 1949, while driving a motor vehicle he was personally injured in a highway collision with a truck which was negligently driven by the defendant Rolly Hull who was operating the truck as an employee and servant of the defendant, E. W. Wylie Company.

The defendants' answer among other things admits that at the time of the accident Hull was operating the truck as an employee of the E. W. Wylie Company and alleges that the plaintiff was an employee of Consolidated Freightways Incorporated, a foreign corporation, and was an insured and compensable employee and came within the provisions of the Workmen's Compensation Laws of the State of North Dakota. That portion of the answer ordered stricken out alleges that on the 29th day of April, 1949, the plaintiff elected to file a claim with the Workmen's Compensation Bureau which was approved and payments made and accepted to compensate the plaintiff for loss of time and earnings and for hospital, medical and drug expenses. Finally it is alleged that the plaintiff has no right or authority in law to prosecute the action personally and as trustee for the Workmen's Compensation Bureau, that he is not the real party in interest and has no legal capacity to sue or maintain the action.

The plaintiff moved the trial court to strike from the answer that portion thereof pleading the defense above outlined upon the ground that the action was commenced after Chapter 355 SLND 1949 became effective and that pursuant to that act the plaintiff was entitled to maintain this action individually and as trustee for the Workmen's Compensation Bureau. The court granted plaintiff's motion and the defendants appeal. The plaintiff challenges the appealability of the trial court's order.

Interlocutory orders are appealable only when made so by

statute. Sec. 28-2702 RCND 143 specifies what orders are reviewable in the Supreme Court. Among them being,

"An order which involves the merits of an action or some part thereof."

In Ferguson v. Jensen, 76 ND 647, 38 NW2d 560, we held that an order denying plaintiff's motion to strike out certain paragraphs of a defendant's counterclaim is not appealable under this provision as it does not involve merits of the action or some part thereof. This court has not passed squarely upon the question as to whether or not an order striking out a material portion of an answer may be reviewed in the Supreme Court. But see Stimson v. Stimson, 30 ND 78, 152 NW 132; Bergen Township v. Nelson County, 33 ND 247, 156 NW 559. That is the question here and our examination of authorities dealing with similar statutes in other states leads us to the conclusion that the question is not susceptible of a categorical answer that would apply in all cases. The appealability of the order depends upon the nature of the material stricken. If it involves the merits of the action or a part thereof, it falls within our statutory provision, but a rule of thumb is not always available to determine when an order involves the merits. It is clear that the merits are not involved when the order strikes out irrelevant or redundant matter. Upon the other hand it is equally clear that if the order strikes an affirmative defense not provable under the remaining allegations of the answer it is appealable. Starbuck v. Dunklee, 10 Minn 168, Gil 136, 88 Am Dec 68; Kingsley v. Gilman, 12 Minn 515, Gil 425; Vermilye v. Vermilye, 32 Minn 499, 18 NW 832, 21 NW 736; National Albany Exchange Bank v. Cargill, 39 Minn 477, 40 NW 570; Floody v. Chicago, St. P., M. & O. Ry. Co., 104 Minn 132, 116 NW 111; Lowe v. Nixon, 170 Minn 391, 212 NW 896; Miller v. Whistler, 143 Kan 329, 110 P2d 744; Re Reed, 157 Kan 602, 142 P2d 824; Funkhouser Equipment Company v. Carroll, 161 Kan 427, 168 P2d 918; Dorman v. Credit Reference and Reporting Company, 213 Iowa 1016, 241 NW 436; Carpenter v. Reynolds, 58 Wis 666, 17 NW 300; Adamson v. Raymer, 94 Wis 243,

68 NW 1000. In Funkhouser Equipment Company v. Carroll, supra, it is said:

"The action of the trial court has the effect of depriving the defendants of a defense pleaded on the merits. If this motion was properly sustained then defendants will never again have an opportunity to take advantage of the matter stricken as a defense. The motion has all the effect of a demurrer to so much of the answer."

This reasoning applies here and it may be noted that an order sustaining a demurrer is made appealable under paragraph 4, Sec. 28–2702 RCND 1943.

The plaintiff asserts that the defendants are not injured by the order appealed from and argues that the defendants could introduce in evidence under the remaining portions of the answer everything that they could have introduced under the answer in its original form. We do not so construe the answer and the portions thereof that were deleted. The answer first pleads a general denial and then sets forth an affirmative defense consisting chiefly of the matter struck. The affirmative defense states that the plaintiff's cause of action was assigned by operation of law to the Workmen's Compensation Bureau of the State of North Dakota and that the Bureau and not the plaintiff is the proper party to bring the action and is the real party in interest.

The order appealed from strikes out the vital portion of the affirmative defense and in effect leaves but the general denial. The motion to strike did not attack the complaint on the ground of surplusage or redundancy. It stated that the portions of the answer under attack were, "wholly irrelevant and immaterial and do not constitute any defense to plaintiff's claim or plaintiff's cause of action." Under the defendants' theory of the law, the affirmative defense sets forth facts which show that the plaintiff has no right to maintain the action. This is new matter not provable under a general denial. Pomeroy's Code Remedies 5th Ed. Sec. 587. Under the rules of code pleading such a defense must be specially and affirmatively pleaded. Anderson Lumber Company v. National Surety Company, 49 SD 235, 207 NW 53; Alderman v. New York Underwriters' Insurance Co., 61 SD 284, 248 NW 261; Osmak v. American Car and

Foundry Co., 328 Mo 159, 40 SW2d 714, 77 ALR 722; McGregor v. Oregon R. & Nav. Co., 50 Ore 527, 92 Päc 465, 14 LRA NS 668.

The order appealed from by deleting vital portions of the defendants' affirmative defense deprives them of the right to introduce evidence which under defendants' construction of the law would demonstrate that the plaintiff had no right to maintain this action. It involves the merits of a defense which the defendants were entitled to plead and prove. The order is therefore appealable and plaintiff's motion to dismiss the appeal is denied.

The decision on the merits in this case rests entirely upon issues of law, all of which have been determined in the case of Simon Gimble v. Montana-Dakota Utilities Company, a corporation, 77 ND 581, 44 NW2d 198, recently decided in which we reversed a similar order. The parties hereto have stipulated:

"That this court is hereby authorized and respectfully requested to issue its order affirming or denying the order of the District Court in this action, in conformity with its decision in the Gimble case."

Following our decision in that case the order appealed from is reversed and this case is remanded.

NUESSLE, C. J., CHRISTIANSON, GRIMSON and BURKE, JJ., concur.