William H. SCHWARZE, Plaintiff,

v.

FARM–RITE IMPLEMENT COMPANY, and Jamar-Olmen Company, Defendants.

JAMAR–OLMEN COMPANY, Third-Party-Plaintiff,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU; Owen T. Owen, Otis Bryant, and B. M. Ryan as Workmen's Compensation Bureau Commissioners of the North Dakota Workmen's Compensation Bureau, Third-Party Defendants.

Civ. No. 306.

United States District Court
D. North Dakota,
Northwestern Division.

Aug. 29, 1960.

646

Richard H. McGee, of McGee & Van Sickle, Minot, N. D., for plaintiff Schwarze.

Herbert L. Meschke, of Ilvedson, Pringle, Herigstad & Meschke, Minot, N. D., for Farm-Rite Implement Co.; E. F. Engebretson, of Cox, Pearce & Engebretson, Bismarck, N. D., for Jamar-Olmen Co.; and Lawrence E. Watson, Bismarck, N. D., Atty. for the Workmen's Compensation Bureau.

REGISTER, Chief Judge.

The within action is before the Court by virtue of an alternative motion filed by the Jamar-Olmen Company, defendant and third-party plaintiff. Movant asks this Court, in the alternative, for a judgment on the pleadings, summary judgment or declaratory judgment. The first two motions, that is, for judgment on the pleadings and for summary judgment, are directed against the plaintiff in the main action; the relief asked by

way of declaratory judgment is directed against the third-party defendants. Jurisdiction is based on diversity of citizenship and requisite amount.

The first part of this memorandum will be devoted to a determination of the motions directed against the plaintiff's cause in the main action.

Before proceeding with a discussion of the law involved, it is in order that a résumé of the pertinent facts be here recited.

During all the times here involved, the co-defendant Farm-Rite Implement Company, a foreign corporation, was engaged in the business of constructing certain hangars and buildings at the Minot Air Force Base, Minot, North Dakota, under a contract with the United States Government. On or about August 12, 1958, the co-defendant Jamar-Olmen Company, also a foreign corporation, commenced performing a part of said contract pursuant to a sub-contract with said prime contractor. There thus was developed the relationship of contractor-subcontractor between the Farm-Rite Implement Company as contractor and Jamar-Olmen Company as subcontractor. It is undisputed that the contractor (Farm-Rite Implement Company) complied with all the requisite provisions of North Dakota law with reference to securing the necessary coverage for its employees under the North Dakota Workmen's Compensation Act. The record clearly indicates that said contractor was a "complying employer" on the date of plaintiff's alleged injuries, September 22, 1958, and that said September 22, 1958, was within its period of coverage. The pleadings and other records on file further show that plaintiff Schwarze was an immediate employee of the Jamar-Olmen Company at the time he sustained his alleged injuries.

In its answer to plaintiff's complaint, the defendant Farm-Rite, after denying that plaintiff was an employee of Farm-Rite on the date of the accident (September 22, 1958), affirmatively alleges by way of defense that if it, Farm-Rite, be determined to have been an employer of plaintiff on said date, then it is relieved from all liability for personal injuries received by plaintiff during the course of his employment because it was a complying employer under the provisions of Section 65–0108, NDRC 1943, as amended. In its prayer for relief, said defendant, among other things, asks the Court to dismiss plaintiff's complaint as to said defendant, and for its costs.

Initially, then, the question is presented as to whether the contractor, Farm-Rite Implement Company, is immune from suit by plaintiff for personal injuries received by him during the course of his employment by the subcontractor, Jamar-Olmen Company, on August 12, 1958.

The applicable sections of the Workmen's Compensation Act of the State of North Dakota are quoted: (NDRC 1943, as amended)

"65–0108. Contributing employer relieved from liability for injury to employee. Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, shall have no right of action against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation."

"65–0102. Definitions. — Whenever used in this title:

\* \* \* \* \* \*

"5. 'Employee' shall mean every person engaged in a hazardous employment under any appointment, contract of hire, or apprenticeship, express or implied, oral or written, and:

\* \* \* \* \* \*

"c. Persons employed by subcontractor, or by an independent contractor operating under an agreement with the general contractor,

for the purpose of this chapter shall be deemed to be employees of the general contractor who shall be liable and responsible for the payments of premium for the coverage of these employees until the subcontractor or independent contractor has secured the necessary coverage and paid the premium therefor. This subdivision shall not be construed as imposing any liability upon a general contractor other than liability to the bureau for the payment of premiums which are not paid by a subcontractor or independent contractor;"

It is the position of defendant Farm-Rite that it was, under Section 65–0102, subsection 5c., a statutory employer of plaintiff and, further, that under Section 65–0108, it was, as such employer, relieved of all common law liability for any injury allegedly sustained by said plaintiff. It is apparently recognized by all parties that, under the statute, Farm-Rite had the absolute obligation to pay the premium, but Farm-Rite contends that is its only obligation and liability.

The reviser's notes accompanying said subsection 5c. reveal a twofold purpose in the statute as it now stands amended: First, to afford the general contractor a general immunity from common law actions arising out of injuries by the employee of the general contractor and the subcontractor or the employee of an independent contractor or subcontractor, or any combination thereof, and, Second, to impose on him (the general contractor) liability for the payment of the required premium until the subcontractor or independent contractor has secured the necessary coverage and paid the premium therefor.

This Court has had on two prior occasions the opportunity of passing on the precise question raised here.

In the unreported case of Jessie Ryland, individually, and as Trustee for the Workmen's Compensation Bureau of North Dakota v. The Manhattan Construction Company of Oklahoma, and John F. Beasley Construction Company, Inc., Civil No. 3403, the issue of whether or not the prime, or general, contractor was immune from suit was raised by timely motion for judgment on the pleadings. In that case, Manhattan was the prime contractor; Beasley was a subcontractor under the prime contract; and plaintiff's decedent was a direct employee of still a third company who was operating under a subcontract from Beasley. The immediate employer of plaintiff's decedent was, at the time of the accident there involved, a subscriber to and complying employer under the North Dakota Workmen's Compensation Act. Following the employee's death, plaintiff Jessie Ryland made application to and subsequently received benefits from the Workmen's Compensation Bureau. As an affirmative defense, both defendants pleaded the status of a statutory employer under the provisions of subsection 5c., Section 65–0102, and claimed immunity from suit. In disposing of that case on Manhattan's motion for judgment on the pleadings and Beasley's motion to dismiss, this Court, in granting both of said motions, held that "the defendants (t)herein are immune from this action under the specific and unambiguous provisions of Section 65–0102, 5(c) of the N.D.R.C.1943, as amended".

In determining the issues presented in the Ryland case, the Court was aware of decisions in certain jurisdictions holding that a general contractor in the position of Manhattan, and operating under a workmen's compensation law similar, though not identical to that in force in North Dakota, was not immune from suit at common law by an injured statutory employee. However, this Court there held, as it does so now, that the prevailing weight of authority is to the effect that such a statutory relationship does bestow immunity on the general contractor.

This Court is unaware of any pronouncement by the Supreme Court of North Dakota construing the provisions of said subsection 5c. of Section 65–0102. In the absence of such guidance, this

Court believes it both unrealistic and against public policy to construe such statute in such a manner that the general contractor would be deemed the employer of its subcontractor's employees—and, therefore, entitled to the protection of the Workmen's Compensation Act—up to and only up to such time as the subcontractor itself might come under the protection of said Act. If such were to be the construction, it would no doubt be to the advantage of the general contractor to persuade its subcontractors and independent contractors to refrain from seeking coverage, if to do so would deprive the general contractor of the protection with which he is clothed prior to the taking out of such compensation insurance by his subcontractors or independent contractors.

In applying the law of the State of Pennsylvania, this Court, while on assignment to the Eastern District in Philadelphia, in the unreported case of Romeo Di Cicco, Administrator of the Estate of Edward Ottinger McWilliams, deceased, v. Charles H. Fleming et al., granted the general contractor's motion for directed verdict and entered judgment in its favor, holding it immune from suit at common law under the Pennsylvania Workmen's Compensation Act, 77 P.S.Pa. § 1 et seq. There the plaintiff's decedent was an immediate employee of a subcontractor performing under an agreement with the general contractor. The subcontractor was in full compliance with the provisions of said Workmen's Compensation Act. Although the crux of the holding there turned on a different point, viz.: Whether or not the premises upon which the fatal accident occurred were "occupied or under the control of" the general contractor,— the result was the same as that reached in the Ryland case, supra.

In both of these last two cited cases, this Court found the general contractor to be a statutory employer of the injured employee, and as such, immune from suit at common law under the applicable workmen's compensation laws.

While the Pennsylvania statute involved is not identical with that in North Dakota, the purposes thereof are similar and the principles and reasoning involved in the decisions interpreting and construing the same are applicable. Under the Pennsylvania Act, certain specific elements must be present in order to create such statutory employer relationship (Walters v. Kaufmann Department Store, Inc., 145 Pa.Super. 56, 59, 20 A.2d 865), one of which elements is that the premises involved were, at the time of the injury, occupied by or under the control of the employer. That question was involved in the Di Ciccio case, supra. However, it is the law of the State of Pennsylvania that "When the relationship of contractor, subcontractor, and employee springs into existence, the Compensation Act takes hold; the common-law relation of the parties theretofore existing is changed into a statutory relation". Swartz v. Conradis, 298 Pa. 343, 148 A. 529, 530. Other so-called "key cases" which, in effect hold that a general contractor who employs a subcontractor to do a part of a general contract is a statutory employer to the employees of the subcontractor under the Pennsylvania Act, are: Qualp v. James Stewart Co., 266 Pa. 502, 109 A. 780; Byrne v. Henry A. Hitner's Sons Co., 290 Pa. 225, 138 A. 826, 58 A.L.R. 865; Capozzoli v. Stone & Webster Eng. Co., 352 Pa. 183, 42 A.2d 524; Sarne v. Baltimore & Ohio R. R. Co., 370 Pa. 82, 87 A.2d 264; and Davis v. City of Philadelphia, 153 Pa.Super. 645, 35 A.2d 77. In neither of said cases was an appeal taken from the judgment therein entered.

A very recent case in which the Court construes the Workmen's Compensation laws of the State of Colorado (and which involved a section very similar to Section 65–0102, 5c., of the North Dakota Act), is Thomas v. Farnsworth Chambers Co., D.C., 183 F.Supp. 764, 766 (August 1, 1960, Advance Sheets). In that decision, the Court states in part as follows:

"It is equally clear from the provisions of the first section of the

statute above quoted that one standing in an employer relationship with the injured person is exempt from such actions. \* \* \*

"This Court is of the opinion that the proper construction of § 81–9–1, supra, is that there exists between the principal contractor and the employees of a subcontractor an employer-employee relationship irrespective of whether the insurance is provided by the principal contractor or the subcontractor; and that the principal contractor is not a stranger to the employment.

"The Court is further of the opinion that the employer-employee relationship imposed by the statute between the principal contractor and the employees of the subcontractor does not terminate when the necessary insurance is provided by the subcontractor. \* \* \*"

The question involved in that case was whether or not an employee of a subcontractor, who has elected to receive workmen's compensation benefits under insurance carried by the subcontractor, may maintain an action against the principal contractor for damages for the injuries sustained.

The question involved and the similarity of the statutes makes the reasoning of the Court applicable to the questions here before the Court.

 Notwithstanding the foregoing discussion, the Court is convinced that to grant either of movant's motions for judgment on the pleadings or for summary judgment would be premature, as argued by plaintiff. The primary and basic issue involved in this lawsuit is the coverage or non-coverage of plaintiff under the workmen's compensation laws of the State of North Dakota. To grant either a judgment on the pleadings or summary judgment at this stage of the proceedings would leave undetermined such primary issue. It is the opinion of this Court that the defendant Farm-Rite Implement Company is immune from suit by virtue of the North Dakota Work-

men's Compensation Act, and the Court will entertain a motion for dismissal on behalf of said defendant at an appropriate stage of the proceedings herein.

There remains for consideration movant's alternative motion for declaratory judgment, directed against the third-party defendants, the North Dakota Workmen's Compensation Bureau, and the three individual commissioners comprising said Bureau.

 This Court is aware of the general proposition that " \* \* \* the declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body \* \* \*", Public Service Commission v. Wycoff Co., 344 U.S. 237, 246, 73 S.Ct. 236, 241, 97 L.Ed. 291. The factual situation in the instant case is very unusual. The facts disclose that the Bureau took no action on the petition of Jamar-Olmen Company for a rehearing with respect to the issue of coverage until so directed and required by the District Court of Burleigh County, Fourth Judicial District, State of North Dakota; that thereafter, and in accordance with such Court's Order, the Bureau set a date for such a hearing, and that the same was held commencing on the 28th day of April, 1959 (nearly sixteen months ago), and that to date no decision has been rendered by said Bureau or other action taken with reference to the matter. As a result of such unreasonable delay and failure on the part of the Bureau, it is reasonable to assume and consider that nothing further is contemplated or will be done, unless pursuant to further Court proceedings, and that the original decision of the Bureau that there was no such coverage stands and is final insofar as the Bureau is concerned.

The facts herein present a "justiciable controversy", a controversy which is "definite and concrete, touching the legal relations of parties having adverse legal interests", a controversy which is "real and substantial" and "admitting of specific relief through a decree of a conclusive character". The Court believes

that this is a fit and proper case for declaratory judgment procedure, and that such a judgment will terminate the controversy now existing.

 No useful purpose would be served by here reciting the lengthy facts surrounding the attempt by defendant Jamar-Olmen to secure full compliance with the Workmen's Compensation Laws of this state. Such facts are, in great detail and with full clarity, set forth in said defendant's brief submitted in support of his alternative motions, and filed on April 16, 1960. In addition, there is on file herein an affidavit, to which is attached numerous exhibits and a complete transcript of the hearing had before the Workmen's Compensation Bureau, filed on behalf of said defendant Jamar-Olmen and submitted in support of its alternative motion for declaratory judgment.

Many of the pertinent facts are not in dispute. The Court has carefully considered the facts as disclosed by the record, and is persuaded that the efforts of Jamar-Olmen to comply with the appropriate provisions of the Workmen's Compensation Act of this state were reasonable and timely, and that there was, on the part of said Jamar-Olmen, substantial good faith compliance with the requirements, the effect of which was to make said Jamar-Olmen a "complying employer" at the time of plaintiff's alleged injuries.

As stated in movant's Brief (Pg. 39): "The North Dakota Supreme Court apparently recognizes the applicability of the doctrine of estoppel against the Workmen's Compensation Bureau under proper factual situations.", citing the case of Thompson v. North Dakota Workmen's Compensation Bureau, 68 N.D. 756, 268 N.W. 710, 711. The Court is of the opinion that such a proper factual situation here exists, and that under the facts of this case the Bureau is estopped to deny coverage.

The Court is, therefore, of the opinion that the defendant Jamar-Olmen is immune from suit by plaintiff for his said alleged injuries and is not legally liable therefor, and that the plaintiff's exclusive remedy on his alleged cause of action is to obtain a proper award from said Bureau, and that he is entitled to the benefits of the North Dakota Workmen's Compensation Act, for the following reasons:

1. That he was, at the time of said injuries, a statutory employee of defendant Farm-Rite, a complying employer;

2. That he was, at the time of said injuries, an immediate employee of Jamar-Olmen Company, a complying employer; and

3. That said Bureau is estopped to deny coverage.

Judgment will be entered upon submission by counsel for Jamar-Olmen Company of an appropriate form.