Dale V. BOETTNER, Plaintiff and
Appellee,

v.

TWIN CITY CONSTRUCTION COMPANY
and Earl Wilkins, Defendants and
Appellants.

Civ. No. 8933.

Supreme Court of North Dakota.

Feb. 1, 1974.

As Corrected Feb. 25, 1974.

Degnan, McElroy, Lamb, Camrud & Maddock, Grand Forks, for plaintiff and appellee.

R. Lee Hamilton, Grand Forks, for defendants and appellants.

VOGEL, Judge.

The plaintiff sued the defendants for damages for personal injuries incurred while working on a construction job at University of North Dakota campus. Defendant Wilkins is an officer and employee of defendant Twin City Construction Company. Plaintiff claims to have been injured through the negligence of Wilkins. Plaintiff was an employee of Air Control Heating, Inc. Both defendant Twin City Construction Company and Air Control Heating, Inc., had contracts to work on the same construction project, the construction of the Chester Fritz Auditorium at the University of North Dakota, built by the State Board of Higher Education, and each obtained workmen's compensation coverage on its employees.

In their answer the defendants allege as a separate defense that the plaintiff is a co-employee with the defendant Wilkins under the terms of the workmen's compensation laws of North Dakota, and therefore the plaintiff is precluded from suing either Wilkins or his employer. The relevant statutes are:

"65–01–02. Definitions.—Whenever used in this title:

.    .    .    .    .    .

"5. 'Employee' shall mean    .    .    .:

.    .    .    .    .    .

"c. Persons employed by subcontractor, or by an independent contractor operating under an agreement with the general contractor, for the purpose of this chapter shall be deemed to be employees of the general contractor who shall be liable and responsible for the payments of premium for the coverage of these employees until the subcon-

tractor or independent contractor has secured the necessary coverage and paid the premium therefor. This subdivision shall not be construed as imposing any liability upon a general contractor other than liability to the bureau for the payment of premiums which are not paid by a subcontractor or independent contractor; . . ."
Sec. 65–01–02, N.D.C.C.

"65–01–08. Contributing employer relieved from liability for injury to employee.—Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, shall have no right of action against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation." Sec. 65–01–08, N.D.C.C.

After certain pretrial discovery proceedings, which brought out the employment relationships described above, the plaintiff moved to strike certain defenses, including the paragraph of the answer alleging that the defendants were immune to suit because of the co-employee relationship of the parties. The trial court granted the motion as to that defense, and this appeal followed.

■ An order striking an affirmative defense which is not provable under the remaining allegations of the answer is appealable. LaDuke v. E. W. Wylie Co., 77 N.D. 592, 44 N.W.2d 204 (1950); Granger v. Deaconess Hospital of Grand Forks, 138 N.W.2d 443 (N.D.1965).

■ Although the plaintiff alleges that the order striking the defense is not appealable, we have examined the pleadings and conclude that the defense is not provable under the remaining allegations of the answer, and the order is therefore appealable.

■ Although the contracts with the State Board of Higher Education are not before us, it appears that both Air Control Heating, Inc., and Twin City Construction Company had separate contracts with the State Board of Higher Education, which, for purposes of this appeal, we will presume to have the status of a general contractor. Neither was a subcontractor for the other. The question before us, then, is whether an employee of one contractor, which may be a subcontractor or an independent contractor operating under an agreement with a general contractor, may sue the employee of another contractor of the same status for negligently causing injuries arising during the employment.

It is a question which has not been previously before this court. Two other courts, however, have attempted to predict our decision on the question if it should reach us. Both judges are highly respected, as is the Honorable A. C. Bakken, from whose ruling this appeal was taken. One is the late United States District Judge for the District of North Dakota, the Honorable George S. Register, and the other is the Honorable Ralph B. Maxwell, Judge of the District Court of the First Judicial District of North Dakota. Unfortunately, they arrived at opposite results. Judge Register's opinion is found in Schwarze v. Farm-Rite Implement Co., 192 F.Supp. 645 (D.C.N.D.1960), while Judge Maxwell's was written in the case of Spicka v. E. K. Jenkins Co. (D.C. of Barnes County, dated December 24, 1968). Judge Bakken wrote no opinion. Since Judge Maxwell's decision is unreported, and we agree with its reasoning and conclusions, we will quote from it at length:

"It is first assumed, that at the time of the incident giving rise to suit, employees of all the subcontractors were also statutory employees of the general contractor. That assumption is based upon language of

Subsection 65–01–02(5c) [(5), par. c] which reads:

'Persons employed by subcontractor, or by an independent contractor operating under an agreement with the general contractor, for the purpose of this chapter shall be deemed to be employees of the general contractor who shall be liable and responsible for the payments of premium for the coverage of these employees *until the subcontractor or independent contractor has secured the necessary coverage and paid the premium therefor*. This subdivision shall not be construed as imposing any liability upon a general contractor other than liability to the bureau for the payment of premiums which are not paid by a subcontractor or independent contractor.'

"The subsection is amenable to two constructions. One is that the general contractor is deemed the employer of his subcontractor's employees only until the subcontractor obtains workmen's compensation coverage. The other is that the general contractor is deemed the continuing employer of his subcontractor's employees but is liable for payment of workmen's compensation premiums only until the subcontractor obtains coverage.

"It is the latter construction that Jenkins presses. Its position finds support in Schwarze v. Farm-Rite Implement Co., 192 Fed.Supp. 645 (1960), a decision of the U. S. District Court for the District of North Dakota. In that case the Court said:

'. . . this Court believes it both unrealistic and against public policy to construe such statute in such a manner that the general contractor would be deemed the employer of its subcontractor's employees—and, therefore, entitled to the protection of the Workmen's Compensation Act—up to and only up to such time as the subcontractor itself might come under the protection of said Act.'.

"This belief of the Court sprang from the following reasoning:

'. . . If such were to be the construction, it would no doubt be to the advantage of the general contractor to persuade its subcontractors and independent contractors to refrain from seeking coverage, if to do so would deprive the general contractor of the protection with which he is clothed prior to the taking out of such compensation insurance by his subcontractors or independent contractors.'

"This Court has great respect for the U. S. District Court for the District of North Dakota. It is therefore grieved that it is unable to adopt the conclusion reached by that Court. After a painful course of consideration in which the doctrine of 'stare decisis figured prominently, this Court concludes the *Schwarze* determination on this point is an incorrect one.

"The basis for that Court's view appears largely illusory. The statute requires the subcontractor to obtain coverage. (Sec. 65–01–05.) Willful failure to do so is made a criminal act punishable by a year in jail and a $500.00 fine. In face of this, and aside from the legal presumption that laws are obeyed, conditions would be unique and occasions rare where a subcontractor could be 'persuaded' to unlawfulness as suggested by the Federal Court. Public policy should be fitted for the larger and general requirements of society rather than for possibilities unnatural and remote.

"This Court feels compelled to adopt an interpretation of the above-quoted subsection which views the general contractor as the employer of subcontractors' employees and responsible for their Workmen's Compensation coverage only *until the subcontractor obtains coverage*. This employer-employee relationship imposed by law is merely a fugacious fiction that dissolves when the subcontractor secures and pays for the necessary coverage. The dual objectives seen by this Court in the subsection—giving interim protection to workers and insuring payment of premiums—have

at that point been satisfied. There is no reason for a glamorous construction giving the subsection essence beyond the point where its purposes have been served.

'The applicable rule of construction is that the Workmen's Compensation Act is to be construed liberally [in favor of the workman] so that its beneficient purposes may not be thwarted by technical refinements of interpretation.' State v. Broadway Investment Co., 85 N.W.2d 251 (N.D.1957).

"Where a statute is susceptible of alternative constructions, the one which is most compatible with expressed over-all legislative objectives, and the general rules of interpretation prescribed by the State Supreme Court should be adopted.

"Our legislature has indicated that workmen's compensation laws are designed for wellbeing of the workman (Sec. 65–01–01 NDCC). And this Court is especially moved to the course it has here taken by the often reiterated general injunction of the North Dakota Supreme Court that workmen's compensation statutes are to be interpreted liberally in favor of the injured employee. State v. E. W. Wylie Co. [N. D., 58 N.W.2d 76] supra; Breitwiesser [Breitwieser] v. State, 62 N.W.2d 900 (N. D.1954); Booke v. Workmen's Compensation Bureau, [70 N.D. 714, 297 N.W. 779 (N.D.1941).

'This rule applies not only to the Bureau's duty to determine whether an injury of an employee is compensable, but also to its duty to determine who was the employer at the time of such injury.' State v. Broadway Investment Co., *supra*.

"The Court sees more advantage to workmen in a construction of the law which preserves rather than narrows his remedies. For these reasons, the Court is persuaded the path it has here determined upon is in tune with the general objectives of workmen's compensation legislation, and with the spirit and direction implicit in North Dakota Supreme Court cases construing such laws. This Court therefore holds that the general contractor was not at the time of the accident, the statutory employer of Jenkins' employees. These employees did not, therefore, enjoy the immunity from which Jenkins seeks to benefit.

"While this determination is sufficient to dispose of defendant's theory, there is a further flaw that is equally fatal. Even though it might be conceded that Jenkins' crane operators were exempt from suit because they were statutory employees of the general contractor, it does not follow that this statutory immunity is such that Jenkins can claim advantage in it. In fact the prevailing law is to the contrary.

"There is good reason why an employer may not assert his employees' immunity as a defense in a tort action. Liability of the employer rests not upon the employee's liability, but upon the employee's negligence. The fact that the employee may have legal immunity from suit is entirely collateral, and under the doctrine of respondeat superior, the agent's negligence is nonetheless chargeable to the principal.

"The Restatement of the Law, Agency 2d, Sec. 217 says:

'In an action against a principal based on the conduct of a servant in the course of employment . . . [t]he principal has no defense because of the fact that . . . the agent had an immunity from civil liability as to the act.'

"This position has been affirmed by the Courts of most of the jurisdictions passing on the issue. See Anno. 1 ALR3d 678.

"One additional tack taken by defendant merits comment. It suggests that even though the statute may not specifically extend immunity to subcontractors, the Court under the 'umbrella theory', and in the interests of common sense and justice might do so by decree. Some nullifying considerations weigh against such a course, however. We have seen how the North Dako-

ta Supreme Court has always carefully limited immunity to the prosaic language of the statute. It is not for a lower Court to initiate a contrary standard. Then, too, the suggestion by Jenkins would operate to enlarge the scope of immunity to embrace impressive segments of industry not specifically named in the law. Any such extension should properly be the product of legislative enactment rather than judicial fiat. If a codicil as suggested is to be added to the statute, the legislature should be its author—not the courts." [Emphasis in original.]

There is little to add to Judge Maxwell's analysis.

The statutory construction espoused by the defendants would maximize the apparent conflict between Sections 65–01–02(5), par. c and 65–01–08. It would do so by interpreting the two statutory provisions as referring to the same subject matter—the immunity of employers from suit by employees. The plaintiff's statutory construction, on the other hand, would minimize or eliminate the apparent conflict between the two provisions, by construing 65–01–02(5), par. c as relating solely to the duty to pay premiums to the Workmen's Compensation Fund, and consequences of failure to do so, and construing 65–01–08 as referring to the immunity from suit acquired by the employer by paying premiums to the Workmen's Compensation Fund. We agree with plaintiff, and with Judge Maxwell, on the latter interpretation, which reconciles and harmonizes the two statutory provisions.

Section 65–01–08 is very clear and explicit. It provides that when an employer has secured the payment of compensation to *his* employees by contributing premiums to the Fund, the employee has no right of action against *such contributing employer* or against any agent, servant, or other *employee* of *such employer* for damages.

■ We hold that Section 65–01–08 grants immunity from suit, if the conditions prescribed therein are met, only to the employer and fellow employees of the employee who was injured, and to no one else —not to other "employers," whether general contractors, independent contractors, or other subcontractors, or the employees of any of them. See State v. E. W. Wylie Co., 58 N.W.2d 76 (N.D.1953).

Section 65–01–02(5), par. c on the other hand, is not at all clear, but the main import of its language relates to the question of who is an employer for the purpose of determining liability for the payment of premiums for workmen's compensation coverage. It refers to the liability of a general contractor for premiums not paid by subcontractors or independent contractors under agreement with the general contractor, and provides that the general contractor is responsible for such premiums *until* the subcontractor or independent contractor has secured the necessary coverage and paid the premium. It provides that it imposes no liability upon a general contractor other than for the payment of premiums, but it does not specifically negative any liability of the general contractor for the negligence of its employees.

■ In view of our construction of the applicable statutes, it matters not at all whether defendant Wilkins was employed by a "subcontractor, or by an independent contractor operating under an agreement with the general contractor," as the appellant claims, or whether he was employed by an independent general contractor, as the appellee asserts. Since he is not employed by the employer of the plaintiff, he is liable for damages for any negligence proximately causing injury to the plaintiff, and, under the doctrine of respondeat superior, so is his employer.

Affirmed.

ERICKSTAD, C. J., and TEIGEN, PAULSON and KNUDSON, JJ., concur.