Joe G. **OLHEISER**, Plaintiff/Appellant,

v.

**ANNCO, INC.**, a corporation,
Defendant/Appellee.

Civ. No. 9007.

Supreme Court of North Dakota.

June 4, 1974.

Freed, Dynes & Malloy, P. C., Dickinson, for plaintiff/appellant.

Zuger & Bucklin, Bismarck, for defendant/appellee.

TEIGEN, Judge.

The plaintiff Olheiser has appealed from a summary judgment dismissing his complaint, which seeks damages for the wrongful death of his son alleged to have been proximately caused by the negligence of the defendant Annco, Inc., through its employee.

The deceased was employed by Kolling Construction Company, a general contractor. Kolling engaged Annco to furnish a crane with an operator to do some work on a construction job Kolling was engaged in. Both Kolling and Annco carried workmen's compensation coverage on their employees. While Annco was performing the services it was engaged by Kolling to do, which involved the lifting and placing of certain large steel beams in place by use of the crane, which was operated by Annco's employee, an accident occurred which fatally injured Kolling's employee (the deceased) while he was engaged in the course of his duties for Kolling on the

project. Olheiser alleges that his son's death (Kolling's employee) was proximately caused by the negligence of Annco's employee in the operation of the crane.

Annco was granted summary judgment of dismissal on the legal ground that Annco was immune from suit under the provisions of Sections 65–01–02(5)(c) and 65–01–08, N.D.C.C., of our workmen's compensation laws.

We have recently construed these sections in Boettner v. Twin City Construction Co., 214 N.W.2d 635 (N.D.1974). In Syllabus 2 we held:

"An employee of one contractor, injured by the negligence of an employee of another contractor on the same project, is not foreclosed from suing the employee of the other contractor and the other contractor for negligence, under the provisions of Sections 65–01–02(5), par. c and 65–01–08, N.D.C.C."

And in Syllabus 3 we held:

"Under Section 65–01–02(5), par. c, N.D.C.C., a general contractor is deemed the employer of employees of subcontractors and independent contractors operating under agreements with the general contractor only until such subcontractor or independent contractor obtains workmen's compensation coverage."

 Boettner was decided by this court subsequent to the entry of the summary judgment of dismissal in this case. Thus the trial court did not have the benefit of that decision. We find that the decision in Boettner controls our decision in this case. Although counsel for Annco has attempted to persuade us, in his briefs and argument, that we should reverse our decision in Boettner, we are not impressed. The statutes are clear and unambiguous and we hold that the trial court erred in granting summary judgment.

Annco argues that the facts in this case are not similar to those in Boettner. This is true. In Boettner both contractors were working independently upon the same project, doing different work. However, in this case, it appears that Annco was a subcontractor of Kolling. This still will not permit the application of Section 65–01–02(5)(c), N.D.C.C., as both Annco and Kolling carried workmen's compensation on their respective employees, and the operator of Annco's crane was an employee of Annco and not of Kolling. Therefore he is not deemed an employee of Kolling under that section. For these reasons, Boettner is applicable here.

Next, Annco argues that Boettner was not well argued to this court and was simply wrong. We do not agree. It appears to us that the statute is clear and unambiguous and we cannot give it the construction proposed by Annco. Annco points to the comments contained in the Report of the North Dakota Legislative Research Committee for the year 1955, in which the amendment, as adopted by the Legislature, was proposed. This report contains the following comment with respect to the proposed amendment:

"This section has a two-fold purpose. One is to afford the general contractor an immunity from common law actions, arising out of injuries, by the employee of the general contractor and the subcontractor or the employee of an independent contractor or sub-contractor, or any combination thereof, and at the same time imposing upon the general contractor the duty and liability to insist upon the sub-contractor or independent contractor having the necessary coverage and paying the premium thereon and maintaining their coverage in full force and effect at all times. As the original section is found the provision 'until such time as the sub-contractor or independent contractor has complied with the provision of this title' can easily lend it-

self to be construed that when the independent and sub-contractor comply with the provisions of the title * * * their employees are no longer deemed to be employees of the general contractor and therefore the immunity against the common law actions has been erased. In brief, this provision as proposed would afford the general contractor the immunity but at the same time would impose upon him a liability for payment of premiums if such premiums are not paid by the sub-contractor."

The comment is ambiguous but the law, as amended, is clear and we do not construe the comment as being contrary to our holding in *Boettner,* nor does it compel a different construction in this case. The comment does not propose that the statute grants immunity to a subcontractor from a common law action arising out of injuries caused by the subcontractor to an employee of the general contractor.

Resort to extrinsic aids to construction is not proper where the meaning of a statute can be definitely determined from a consideration of its provisions alone. Jordan v. Western States Life Ins. Co., 78 N. D. 902, 53 N.W.2d 860 (1952).

The last argument needs no further discussion for the reason that it is premised on the theory that Annco's crane operator was a coemployee of the decedent, who was working for Kolling. The facts and the law which we have heretofore construed do not permit this conclusion.

For the reasons aforesaid, we find that the trial court erred in granting summary judgment of dismissal and we reverse that judgment.

ERICKSTAD, C. J., and VOGEL, PAULSON and KNUDSON, JJ., concur.