Josephine FRITZ, individually and as the Personal Representative of the Estate of Nick A. Fritz, deceased, and as next friend of Jack Fritz, a minor; and Margaret Fritz and Carol Fritz, Plaintiffs and Appellants,

v.

A. F. HASSAN, M.D., St. Joseph's Hospital of Dickinson, N. D., Dennis E. Wolf, M.D., Donald A. Nicely, M.D., and Walter C. Hanewald, M.D., Defendants and Appellees.

Civ. No. 10082.

Supreme Court of North Dakota.

March 11, 1982.

As Amended April 15, 1982.

Frederick E. Saefke, Jr., Bismarck, for appellants.

Zuger & Bucklin, Bismarck, for A. F. Hassan; did not participate.

Fleck, Mather, Strutz & Mayer, Bismarck, for appellees Wolf, Nicely and Hanewald; argued by Gary Wolberg and William A. Strutz, Bismarck.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for appellee St. Joseph's Hospital; argued by Paul G. Kloster and Claudette Abel, Dickinson.

PEDERSON, Justice.

Fritz sought a declaration of default and proceedings to assess damages in a medical malpractice action, pursuant to Rule 55(a)(2), NDRCivP, when St. Joseph's Hospital and Drs. Wolf, Nicely and Hanewald failed to timely respond to a summons served without a complaint, pursuant to Rule 4(c)(2), NDRCivP. (Dr. Hassan promptly gave notice of appearance, demanded and received a copy of the complaint and timely answered the complaint, and is not involved in this appeal.) When the trial court denied Fritz's motion for a declaration of default, she appealed, claiming that the order involved the merits of the action, or some part thereof. Section 28–27–02(5), NDCC. St. Joseph's Hospital

and Drs. Wolf, Nicely and Hanewald contend that the order is purely interlocutory and not separately appealable. We agree. The appeal is dismissed.

The factual situation material to our decision is not disputed. The summons, requiring a response within 20 days, was served on all defendants on May 28, 1981. A complaint was filed on June 9, and an amended complaint was filed on June 10. A number of conversations between opposing counsel, sufficient to constitute "appearances",[1] occurred during the year before the summons was served, although none occurred within the 20-day period after the summons was served. The formal appearances and written demands for a copy of the complaint, contemplated by Rule 4(c)(2), were not made by St. Joseph's Hospital until June 29, and were never made by Drs. Wolf, Nicely and Hanewald. St. Joseph's Hospital, by mail, served an answer to the amended complaint on July 17, and Drs. Wolf, Nicely and Hanewald, by mail, served an answer to the amended complaint on July 24.

On July 2 Fritz gave notice that she would move for an order to declare St. Joseph's Hospital and Drs. Wolf, Nicely and Hanewald in default, and for proceedings, in the court's discretion, to assess damages pursuant to Rule 55(a)(2). The affidavit attached to the notice stated, in effect, that these defendants failed to timely "cause notice of appearance" and to demand a copy of the complaint in the manner contemplated by Rule 4(c)(2). The affidavit did not aver that defendants had "failed to plead or otherwise appear," a requirement of Rule 55(a).

We must keep in mind that Rule 6(b), NDRCivP, provides in part: "When by these rules ... an act is required ... to be done at or within a specified time, the court for cause shown may at any time in its discretion [with certain exceptions not relevant to the case at bar] ... permit the act to be done where the failure to act was the result of excusable neglect ...." The trial

1. *See Perdue v. Sherman,* 246 N.W.2d 491 (N.D.1976), for a discussion of "appearance."

*See also* Annotation in 73 A.L.R.3d 1250 and 27 A.L.R.Fed. 620.

court, in denying Fritz's motion for a judgment by default, found necessarily that all of the appellees had "appeared" in the action, that they had a meritorious defense to the plaintiffs' claim, and that their failure to make timely demands for copies of the complaint was "the result of excusable neglect." We are not prepared to hold that the trial court abused its discretion in denying the appellants' motion in light of the many complicating factors of this case, some of which have not been fully discussed in this opinion.

This court, in a variety of circumstances, has expressed a preference for reaching the merits of controversies. *See* West Key Number System—*Action*, Key No. 66 [*Ingalls v. Bakken*, 167 N.W.2d 516 (N.D.1969), headnote 8]; *Appeal and Error*, Key No. 935(2) [*King v. Montz*, 219 N.W.2d 836 (N.D.1974), headnote 7]; *Judgment*, Key No. 92 [*Bender v. Liebelt*, 303 N.W.2d 316 (N.D.1981), headnote 1, and *Hagen v. Altman*, 79 N.W.2d 53 (N.D.1956), headnote 6]. *See also Throndset v. J. R.*, 302 N.W.2d 769, 772 (N.D.1981); *Svard v. Barfield*, 291 N.W.2d 434, 437 (N.D.1980); and *United Accounts, Incorporated, Bismarck v. Palmer*, 141 N.W.2d 472, 473 (N.D.1966), where similar preference was expressed, but not included, in a headnote.

No case has been called to our attention that discusses the relationship between a court's preference to reach the merits and the need to determine if a specific interlocutory order is an appealable order under § 28–27–02(5). If this court gains no jurisdiction by an attempted appeal of an unappealable order, our preference to reach the merits cannot have any bearing on the matter.

In *Trautman v. Keystone Development Corporation*, 156 N.W.2d 817, 818 (N.D. 1968), we said that questions raised in an appeal of an interlocutory order "are not before us," and in *Spence v. North Dakota Dist. Court*, 292 N.W.2d 53, 59 (N.D.1980), we said that interlocutory orders can be appealed only when authorized by statute. *See also Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507, 509 (N.D.1974), holding

that jurisdiction of this court must be evidenced by an appealable order or judgment.

Recently, in *Bismarck Pub. Sch. v. Ritterbush Assoc.*, 313 N.W.2d 712, 714 (N.D. 1981), we said that an order is not appealable under § 28–27–02(5) unless, in effect, it finally determines some substantive legal right of appellant. We cited *Schaff v. Kennelly*, 69 N.W.2d 777 (N.D.1955), and *Northwest Airlines v. State, Through Bd. of Equal.*, 244 N.W.2d 708 (N.D.1976).

Section 28–27–02(5), NDCC, provides:

"28–27–02. What orders reviewable.— The following orders when made by the court may be carried to the supreme court:

.    .    .    .    .

5. An order which involves the merits of an action or some part thereof . . . ."

An order involves the merits of the litigation only if it is dispositive of a substantive issue. An order *granting* a claimant's motion for a judgment by default would be dispositive of a substantive issue—the merits—of the case. However, an order *denying* the claimant's motion, as in the case at bar, still leaves the *merits* of the claim to be resolved.

We conclude that an order denying a motion for judgment by default is not appealable and an attempted appeal thereof grants no jurisdiction to this court beyond authority to dismiss the appeal. The parties argue that, by analogy, the cases that have involved appeals from rulings on motions to set aside judgments by default under Rule 60(b), NDRCivP, should be applied. We agree and, accordingly, rely upon principles expressed in *Hagen v. Altman, supra; United Accounts, Incorporated, Bismarck v. Palmer, supra; King v. Montz, supra; Bettger v. Bettger*, 280 N.W.2d 915 (N.D.1979); *Svard v. Barfield, supra; Bender v. Liebelt, supra*; and *Throndset v. J. R., supra*, all of which were appeals from orders *denying* motions to vacate judgments by default. In each of those cases, because the trial court had previously entered a judgment by default and subsequently denied a motion to vacate that judgment, the order was a

final disposition of the action and thus *appealable.*

We further rely upon the principle pronounced in *Trautman v. Keystone Development Corporation, supra,* by analogy. Because the trial court, having previously entered a judgment by default and subsequently *granted* a motion to vacate that judgment, there was no final disposition of the action and thus it was *not appealable. See also William Clairmont v. Burlington Northern,* 229 N.W.2d 77 (N.D.1975), and Annotation: Default Judgment—Order—Appealability, 8 A.L.R.3d 1272.

Fritz points to one case where we have been inconsistent. In *City of Bismarck v. Muhlhauser,* 234 N.W.2d 1 (N.D.1975), we said that an interlocutory order setting aside a judgment by default in that case involved the merits of the case, and the posture of the case made it necessary to resolve the question. We concluded that the trial court based the order vacating that judgment upon a misconception of the law. That case is distinguishable. *See also Suburban Sales v. District Court of Ramsey,* 290 N.W.2d 247 (N.D.1980), where, in refusing to exercise our superintending authority to compel a trial court to reverse its order granting a motion to vacate a judgment by default, we said that there is a remedy of review of an order granting a motion to vacate a judgment by default on the appeal from the judgment on the merits.

In dismissing this appeal, we do not approve of the dilatory conduct of the appellees and their counsel in this case. Also, trial courts are encouraged to require more in an affidavit of merits than affiant's conclusion that there is a meritorious defense.

Also, we reject the contention of appellees that Fritz's appeal is frivolous under the circumstances of this case.

Appeal dismissed. All parties will pay their own costs on the appeal.

SAND, Acting C. J., BURDICK, Surrogate Judge, and HEEN and MEDD, District Judges, concur.

BURDICK, Surrogate Judge, and HEEN and MEDD, District Judges, sitting in place of ERICKSTAD, C. J., and PAULSON and VANDE WALLE, JJ., disqualified.