2004 ND 131

**FRONTIER ENTERPRISES, LLP,**
**Plaintiff and Appellee**

v.

**DW ENTERPRISES, LLP;   Douglas Moos;   Waco Traxel dba Iron Eagle Saloon and Iron Eagle Saloon, LLC; Bismarck Heating & Air Conditioning, Inc.;   and Koch Electric, Inc., a/k/a Koch Electric Systems, Inc.; Semi–Trailer Sales & Leasing, Inc.; Terra International, Inc.;   and Credit Bureau of Bismarck, Defendants**

**Bismarck Heating & Air Conditioning, Inc., Defendant and Appellant.**

**No. 20040050.**

Supreme Court of North Dakota.

June 30, 2004.

---

marck Heating to repair or replace rooftop air conditioning units on a building located on the property. The work was completed. DW defaulted on the contract for deed, and Frontier brought this action to foreclose the contract for deed and to quiet title in Frontier. Bismarck Heating filed a counterclaim seeking to enforce its mechanic's lien against Frontier for the air conditioner replacements and seeking damages from Frontier on a theory of unjust enrichment. Bismarck Heating also filed cross-claims against DW and defendants Douglas Moos, Waco Traxel dba Iron Eagle Saloon, and Iron Eagle Saloon, LLC, on theories of breach of contract, fraud, negligent misrepresentation, and civil conspiracy. Bismarck Heating also sought to foreclose its mechanic's lien against these parties.

[¶ 3] In its summary judgment, the trial court cancelled the contract for deed and quieted title in Frontier. However, the court did not dispose of the cross-claims brought by Bismarck Heating. The right to appeal is a jurisdictional matter which this Court may consider sua sponte. *Belden v. Hambleton*, 554 N.W.2d 458, 460 (N.D.1996). We must dismiss an appeal on our own motion if we conclude that we do not have jurisdiction. *Henry v. Sec. Comm'r*, 2003 ND 62, ¶ 5, 659 N.W.2d 869. Only those judgments and decrees which constitute a final determination of the rights of the parties to an action and those orders enumerated in N.D.C.C. § 28–27–02 are appealable. *Id.* at ¶ 8. A partial summary judgment which does not adjudicate all claims of all parties is a nonappealable interlocutory order. *See Sec. State Bank v. Orvik*, 2001 ND 197, ¶ 6, 636 N.W.2d 664.

[¶ 4] Generally, this Court will not hear appeals from interlocutory orders, because such appeals are premature and the trial court may revise them at any

---

John M. Olson, Olson Cichy Bliss, Bismarck, ND, for plaintiff and appellee.

Jonathan P. Sanstead, Pearce & Durick, Bismarck, ND, for defendant and appellant.

MARING, Justice.

[¶ 1] Bismarck Heating & Air Conditioning, Inc., ("Bismarck Heating") appealed from a partial summary judgment canceling a contract for deed and quieting title in Frontier Enterprises, LLP, ("Frontier"). We conclude this appeal is from a nonappealable interlocutory order, and we, therefore, dismiss the appeal.

[¶ 2] Frontier sold property in Mandan on a contract for deed to defendant, DW Enterprises, LLP ("DW"). After purchasing the property, DW contracted with Bis-

time before the entry of final judgment adjudicating all claims. *Dimond v. State Bd. of Higher Educ.*, 1999 ND 228, ¶ 9, 603 N.W.2d 66. This Court's refusal to hear appeals arising from interlocutory orders conserves judicial resources by promoting a policy against piecemeal appeals. *Id.*

[¶ 5] Because the judgment entered by the trial court is an interlocutory partial judgment, which does not adjudicate all claims against all parties, we dismiss the appeal.

[¶ 6] WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.