# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 91

David Kutcka, individually; The Estate
of Austin D. Dejno, by and through
Tammy Dejno, as its duly-appointed
personal representative; and Tammy
Dejno, individually, as wrongful death
plaintiff,

          Plaintiffs and Appellants

v.

Gateway Building Systems, Inc.,

          Defendant, Third-Party Plaintiff,
          and Appellee

v.

Joel Klipping, d/b/a MC Mill Workers,

          Third-Party Defendant

### No. 20220257

Appeal from the District Court of Cass County, East Central Judicial District,
the Honorable Reid A. Brady, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Thomas J. Conlin (argued), Taylor B. Cunningham (appeared), and Stacy
Deery Stennes (on brief), Minneapolis, Minnesota, for The Estate of Austin D.
Dejno and Tammy Dejno, plaintiffs and appellants.

Jeffrey S. Weikum (appeared), Bismarck, North Dakota, for plaintiff and
appellant David Kutcka.

Cara C. Passaro, Minneapolis, Minnesota, for defendant, third-party plaintiff,
and appellee Gateway Building Systems, Inc.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, North Dakota, for amicus curiae North Dakota Workforce Safety and Insurance.

Duane A. Lillehaug, Fargo, North Dakota, for amicus curiae North Dakota Association for Justice.

Monte L. Rogneby, Bismarck, North Dakota, for amicus curiae Associated General Contractors of North Dakota.

# Kutcka v. Gateway Building Systems
## No. 20220257

**Tufte, Justice.**

[¶1] David Kutcka, Tammy Dejno, as personal representative of Austin Dejno's estate, and Tammy Dejno, as wrongful death plaintiff (collectively, "Plaintiffs") appeal from a judgment dismissing their negligence claims against Gateway Building Systems ("Gateway"). Plaintiffs argue the district court erred in concluding Gateway was Kutcka's and Austin Dejno's statutory employer entitling Gateway to immunity from suit under the workers' compensation act. We reverse, concluding that Gateway, the general contractor, was not the statutory employer of its subcontractor's employees, Kutcka and Dejno, entitling it to immunity under the exclusive remedy provisions of N.D.C.C. § 65-04-28, and remand for further proceedings.

I

[¶2] In December 2019, David Kutcka and Austin Dejno were performing millwright work for their employer MC Mill Workers ("MCMW") at a jobsite in Eldridge, North Dakota, when a crane jib extension fell on them, injuring Kutcka and killing Dejno. The crane was operated by an employee of Gateway. MCMW was acting as a subcontractor for Gateway on a grain elevator repair project.

[¶3] Gateway and MCMW's subcontractor agreement required MCMW to obtain and maintain workers' compensation insurance. MCMW secured coverage for its employees and paid premiums to Workforce Safety and Insurance ("WSI") for Kutcka and Dejno. Claims for benefits were filed on behalf of Kutcka and Dejno. WSI accepted the claims and awarded benefits.

[¶4] Dejno's wrongful death plaintiff, his estate, and Kutcka sued Gateway for negligence. Gateway moved for summary judgment, arguing it was immune from suit as the statutory employer of Kutcka and Dejno. The district court agreed, granting summary judgment and entering judgment dismissing the Plaintiffs' claims.

1

[¶5] Our standard for reviewing a grant of summary judgment is well-established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Markgraf v. Welker*, 2015 ND 303, ¶ 10, 873 N.W.2d 26.

### III

[¶6] Plaintiffs argue the district court erred in concluding Gateway was Kutcka's and Dejno's statutory employer entitling Gateway to immunity under the workers' compensation act.

> Statutory interpretation is a question of law, fully reviewable on appeal. The primary objective in interpreting a statute is to determine the intent of the legislation. In ascertaining the intent of the legislation, we look first to the words in a statute, giving them their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1-02-07. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded

under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. The language of a statute must be interpreted in context and according to the rules of grammar, giving meaning and effect to every word, phrase, and sentence. N.D.C.C. §§ 1-02-03 and 1-02-38(2). We construe statutes to give effect to all of their provisions, so that no part of the statute is rendered inoperative or superfluous. N.D.C.C. § 1–02–38(2) and (4).

*Ackre v. Chapman & Chapman, P.C.*, 2010 ND 167, ¶ 10, 788 N.W.2d 344 (citations omitted).

## A

[¶7] The district court concluded Gateway was immune from suit under N.D.C.C. § 65-04-28 as the statutory employer because Kutcka and Dejno were "deemed" employees of Gateway under N.D.C.C. § 65-04-26.2(1) and Gateway complied with N.D.C.C. ch. 65-04. Section 65-04-26.2(1), N.D.C.C., states:

> An individual employed by a subcontractor or by an independent contractor operating under an agreement with a general contractor is *deemed to be an employee of the general contractor* and any subcontractor that supplied work to the subcontractor or independent contractor. A general contractor and a subcontractor are liable for payment of premium and any applicable penalty for an employee of a subcontractor or independent contractor that does not secure required coverage or pay the premium owing. The general contractor and a subcontractor are liable for payment of this premium and penalty until the subcontractor or independent contractor pays this premium and penalty. The liability imposed on a general contractor and a subcontractor under this section for the payment of premium and penalties under this title which are not paid by a subcontractor or independent contractor is limited to work performed under that general contractor.

(Emphasis added.) Because MCMW and Gateway were operating under a subcontractor agreement, Kutcka and Dejno were "deemed" to be employees of Gateway under N.D.C.C. § 65-04-26.2(1). The dispositive issue is whether Kutcka and Dejno are considered to be Gateway employees for the limited purposes of N.D.C.C. § 65-04-26.2 or whether they are treated as Gateway

employees for purposes of the entire workers' compensation act, including the exclusive remedy provisions of N.D.C.C. § 65-04-28.

[¶8]  Under N.D.C.C. § 65-04-28, "Employers who comply with the provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of any employee, wherever occurring, during the period covered by the premiums paid into the fund." The district court concluded that because Kutcka and Dejno were deemed Gateway's employees under N.D.C.C. § 65-04-26.2(1) and Gateway otherwise complied with N.D.C.C. ch. 65-04 as required under N.D.C.C. § 65-04-28, Gateway is considered their employer and is immune from suit under N.D.C.C. § 65-04-28.

[¶9]  Plaintiffs argue that they are deemed employees of Gateway only for purposes of N.D.C.C. § 65-04-26.2 and that this use of the term employer does not extend to the immunity provisions of N.D.C.C. § 65-04-28. Plaintiffs assert that the "general provisions" chapter's definition of "employer" applies to N.D.C.C. § 65-04-28, which states, "In this title: . . . 'Employer' means a person that engages or received the services of another for remuneration . . . ." N.D.C.C. § 65-01-02(17). Plaintiffs contend that Gateway is considered their employer only for purposes of N.D.C.C. § 65-04-26.2, holding the general contractor liable for payment of premiums and any applicable penalties if the subcontractor does not secure coverage or pay the premiums owing.

[¶10] In *State v. E.W. Wylie Co.*, WSI's predecessor sued a third-party employer, E.W. Wylie Co., to recover benefits it paid to an employee injured by E.W. Wylie's employee. 58 N.W.2d 76, 78-79 (N.D. 1953). E.W. Wylie asserted it was entitled to immunity from suit under N.D.C.C. § 65-04-28 because it was an employer that had complied with the workmen's compensation law and paid into the fund and thus N.D.C.C. § 65-04-28 prohibited suit against it to recover for injury to "any employee." *Id.* at 79-80. This Court disagreed, concluding the legislative intent was that both the prior version of N.D.C.C. § 65-01-08—precluding an employee from bringing a personal injury claim against its premium-paying employer—and N.D.C.C. § 65-04-28 "apply only to an employer and his employee." *Id.* at 86-87.

4

[¶11] In *Boettner v. Twin City Construction Company*, the issue was whether an employee of one contractor, which may be a subcontractor operating under an agreement with a general contractor, can sue the employee of another contractor for negligence on the jobsite. 214 N.W.2d 635, 637 (N.D. 1974). The Court interpreted an earlier definition of "employee" in the definitions section, which stated:

> 65-01-02. Definitions. Whenever used in this title:
> . . . .
> 5. 'Employee' shall mean . . . :
> . . . .
> c. Persons employed by subcontractor, or by an independent contractor operating under an agreement with the general contractor, for the purpose of this chapter shall be deemed to be employees of the general contractor who shall be liable and responsible for the payments of premium for the coverage of these employees until the subcontractor or independent contractor has secured the necessary coverage and paid the premium therefor. This subdivision shall not be construed as imposing any liability upon a general contractor other than liability to the bureau for the payment of premiums which are not paid by a subcontractor or independent contractor; . . .

*Id.* at 636-37 (quoting N.D.C.C. § 65-01-02(5)(c) (1973)) (cleaned up). In reconciling this statute with N.D.C.C. § 65-01-08 (1973), which granted immunity to the "[c]ontributing employer" (as it does today), the Court held the injured employee was not precluded from bringing suit. *Boettner*, at 640. The Court reasoned the purpose of N.D.C.C. § 65-01-02(5)(c) (1973) was to determine liability for the payment of WSI premiums. *Id.*

[¶12] The district court distinguished *Boettner* from this case, noting the different language between N.D.C.C. § 65-01-02(5)(c) (1973) and N.D.C.C. § 65-04-26.2(1) and that the *Boettner* Court did not analyze N.D.C.C. § 65-04-28. We agree with these distinctions. Section 65-01-02(5)(c) (1973), N.D.C.C., more clearly stated the purpose for which a subcontractor's employee is deemed an employee of the general contractor, which is to collect premiums against a general contractor with a delinquent subcontractor. Second, the *Boettner* Court was tasked with reconciling the premium collection statute, N.D.C.C. § 65-01-

5

02(5)(c) (1973), with N.D.C.C. § 65-01-08 (1973), which granted immunity to a "contributing employer." Here, the court concluded Gateway had immunity under N.D.C.C. § 65-04-28, which grants immunity to "[e]mployers who comply with the provisions of this chapter." This Court has since made clear that a "contributing employer" under N.D.C.C. § 65-01-08 is "the entity who pays the WSI premium." *Trinity Hosps. v. Mattson*, 2006 ND 231, ¶ 12, 723 N.W.2d 684. However, such clarity has not been provided as to employers "who comply" under N.D.C.C. § 65-04-28.

[¶13] Gateway cites *Trinity Hospitals* for the proposition that it does not need to be the "contributing employer" to be entitled to immunity. In *Trinity Hospitals*, an employee of Trinity Health—which paid WSI premiums into the fund on behalf of the employee—died as a result of slipping and falling in a service tunnel owned and maintained by Trinity Hospitals. 2006 ND 231, ¶¶ 2-3. The employee's estate brought a third-party wrongful death action against Trinity Hospitals, which was the subsidiary of Trinity Health. *Id.* We concluded that "Trinity Hospitals is the same entity as Trinity Health for WSI purposes and is entitled to the benefits of the exclusive remedy provisions as a 'contributing employer' under the plain and unambiguous language of N.D.C.C. § 65-01-08." *Id.* at ¶ 21. In determining they were the same entities for WSI purposes, we reasoned that "WSI's determination about the structure of Trinity Health's WSI premiums, coupled with the organizational structure and relationship of Trinity Health and Trinity Hospitals" compelled the determination. *Id.* at ¶ 20.

[¶14] Both the facts and law in *Trinity Hospitals* are different from this case. Here, the relationship between the premium-paying employer and the party claiming immunity is that of a subcontractor and general contractor. In *Trinity Hospitals*, the relationship was between a parent company and its subsidiary. We specifically recognized that the parent and subsidiary in *Trinity Hospitals* were the same entities for WSI purposes. No argument has been made that Gateway and MCMW are the same entities for WSI purposes. Further, the immunity statute, N.D.C.C. § 65-01-08, analyzed in *Trinity Hospitals* provides immunity to the "contributing employer" as opposed to "[e]mployers who

6

comply," who are immune under N.D.C.C. § 65-04-28. Accordingly, *Trinity Hospitals* provides little guidance in our analysis of this case.

[¶15] Ultimately, our precedents are not dispositive on the issue. However, we conclude the case law better supports the Plaintiffs' construction. The Court in *E.W. Wylie* concluded immunity under N.D.C.C. § 65-04-28, like the prior version of N.D.C.C. § 65-01-08, applies only to an employer and its employee. 58 N.W.2d at 87. In *Boettner*, the Court recognized the different purposes served by an immunity statute and a premium collection statute and construed the two statutes to avoid their conflicting with each other. 214 N.W.2d at 640. Absent one notable exception for a parent-subsidiary relationship, our case law has consistently shown that only the premium-paying employer is entitled to immunity.[1] We conclude the case law supports the proposition that N.D.C.C. § 65-04-26.2 is a premium collection statute and N.D.C.C. § 65-04-28 grants immunity to "Employers." An "Employer" under title 65 "means a person that engages or received the services of another for remuneration." N.D.C.C. § 65-01-02(17). Because Gateway did not "engage[ ] or receive[ ] the services" of Kutcka and Dejno "for remuneration," Gateway was not their employer and is not entitled to immunity under N.D.C.C. § 65-04-28.

B

[¶16] The district court concluded, and Gateway argues, the 2019 amendment to N.D.C.C. § 65-04-26.2(1) expanded the scope of immunity to general contractors such as Gateway. The 2019 amendment to N.D.C.C. § 65-04-26.2(1) made the following additions (shown in bold) and deletions (struck through language):

> An individual employed by a subcontractor or by an independent contractor operating under an agreement with a general contractor is deemed to be an employee of the general contractor ~~if~~ **and any subcontractor that supplied work to** the

---

[1] The 1999 Legislature amended N.D.C.C. § 65-01-08 following our decision in *Cervantes v. Drayton Foods, L.L.C.*, 1998 ND 138, 582 N.W.2d 2, to expressly provide immunity to client companies and staffing services. *See* 1999 N.D. Sess. Laws ch. 552, § 1; *Trinity Hospitals*, 2006 ND 231, ¶ 12.

subcontractor or independent contractor ~~does not secure coverage as required under this title~~. A general contractor ~~is~~ **and a subcontractor are** liable for payment of premium and any applicable penalty for an employee of a subcontractor or independent contractor that does not secure required coverage **or pay the premium owing**. The general contractor ~~is~~ **and a subcontractor are** liable for payment of this premium and penalty until the subcontractor or independent contractor pays this premium and penalty. The liability imposed on a general contractor **and a subcontractor** under this section for the payment of premium and penalties under this title which are not paid by a subcontractor or independent contractor is limited to work performed under that general contractor.

2019 N.D. Sess. Laws ch. 524, § 9.

[¶17] The 2019 amendment to N.D.C.C. § 65-04-26.2(1) made three changes to the statute. First, the amendment allowed for premium and penalty collection beyond the general contractor, expanding to "any subcontractor that supplied work to the subcontractor." Thus, a subcontractor to the subcontractor is now potentially liable for the premium and penalties owing. The three subsequent additions of "subcontractor" by the amendment to N.D.C.C. § 65-04-26.2(1) refer to the subcontractor that supplied work to the subcontractor. Second, the 2019 amendment added "or pay the premium owing." Gateway does not argue that this addition extends immunity to the general contractor. Third, the amendment removed the contingency language from the first sentence. The district court concluded, and Gateway argues, the removal of the contingency language granted general contractors immunity from suit from its subcontractor's employees. Specifically, the court held "the deeming of the employment relationship between the subcontractor's employee and the general contractor is no longer contingent upon 'if the subcontractor or independent contractor does not secure coverage as required under this title.'"

[¶18] We disagree that removal of the contingency language granted Gateway immunity from suit under N.D.C.C. § 65-04-28. First, N.D.C.C. § 65-04-26.2(1) is clear that an employee of a subcontractor, which is operating under an agreement with a general contractor, is "deemed to be an employee of the

8

general contractor." "'Deem' means '[t]o treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have.'" *Snider v. Brinkman*, 2017 ND 31, ¶ 16, 889 N.W.2d 867 (quoting *Black's Law Dictionary* 504 (10th ed. 2014)). "Deem" is a "useful word when it is necessary to establish a legal fiction either positively by 'deeming' something to be what it is not or negatively by 'deeming' something not to be what it is." *Id.* By its plain language, N.D.C.C. § 65-04-26.2(1) does not state the general contractor *is the employer* of its subcontractor's employees. Rather, N.D.C.C. § 65-04-26.2(1) creates a legal fiction—deeming a non-employee an employee. Thus, a subcontractor's employee is treated as the general contractor's employee for premium collection when the subcontractor fails to pay the premium, even though the employee is not actually an employee of the general contractor. But, at no time is the general contractor actually the employer of the subcontractor's employee. Recall, immunity under N.D.C.C. § 65-04-28 applies to "Employers," not to a general contractor whose subcontractor's employee is "deemed to be [its] employee" under the premium collection statute. Section 65-04-26.2(1), N.D.C.C., provides no indication that it is defining "Employers" as that term appears in N.D.C.C. § 65-04-28. Section 65-01-02(17), N.D.C.C., on the other hand, provides the definition of "Employer" as that term is used in title 65, which includes N.D.C.C. § 65-04-28.

[¶19] Second, the exclusive remedy provisions, including N.D.C.C. § 65-04-28, were not amended to reflect an extension of immunity to general contractors as Gateway suggests. *See also* N.D.C.C. § 65-01-08 (precluding an employee from suing a "contributing employer"); N.D.C.C. § 65-05-06 (precluding claims against the "employer of the injured or deceased employee"). As noted in *Trinity Hospitals*, 2006 ND 231, ¶ 12, the Legislature amended N.D.C.C. § 65-01-08 to provide immunity to client companies and staffing services when one entity pays the premium, superseding *Cervantes v. Drayton Foods, L.L.C.*, 1998 ND 138, 582 N.W.2d 2. Thus, the Legislature has shown at least in one instance that it would amend the exclusive remedy provisions if it intended upon granting immunity to specific entities. Additionally, the Legislature did not expand the definition of "Employer" in N.D.C.C. § 65-01-02(17) to include the general contractor in this context.

[¶20] The district court concluded, and Gateway argues, under the Plaintiffs' interpretation, the first sentence of N.D.C.C. § 65-04-26.2(1) is superfluous. We disagree. The first sentence identifies the relevant actors and their relationships to one another and states an agreement between the subcontractor (or independent contractor) and the general contractor is a necessary condition for an employee of the subcontractor to be deemed an employee of the general contractor. N.D.C.C. § 65-04-26.2(1). The second sentence states the general contractor (and any subcontractor that supplied work) is liable for premium payments of the subcontractor's employee and penalties if the subcontractor does not secure coverage or pay the premiums owing. *Id.*

[¶21] Gateway cites several cases from other jurisdictions illustrating the "modern trend" of providing immunity to general contractors regardless of whether they secured the coverage and paid the premium. These cases, however, do not apply a substantially similar statutory scheme to North Dakota's workers' compensation statutes. They provide little assistance in interpreting our statutes. For the reasons stated above, this so-called "modern trend" is not the law in North Dakota.

[¶22] In *Brendel Construction, Inc. v. North Dakota Workforce Safety & Insurance*, 2021 ND 3, ¶ 21, 953 N.W.2d 612, we stated, "The plain language of N.D.C.C. § 65-04-26.2(1) allows an agency to seek payment of premiums and penalties from both general contractors and subcontractors. Additionally, the statute holds general contractors liable for payment of premiums and penalties until the subcontractor pays." While *Brendel* did not concern the exclusive remedy provisions, we have consistently interpreted N.D.C.C. § 65-04-26.2(1) and previous versions of the statute as a premium collection statute. *Brendel*, which was decided after the 2019 amendment to N.D.C.C. § 65-04-26.2(1), likewise interpreted the statute consistent with our past decisions.

[¶23] We conclude the Legislature did not intend to extend immunity to the general contractor when the subcontractor secures coverage for its employees and pays WSI premiums under N.D.C.C. § 65-04-26.2(1). The 2019 amendment to N.D.C.C. § 65-04-26.2(1) is an extension of the 2017 statute, applying

liability for premium payments and penalties to other subcontractors in addition to the general contractor, who was already subject to the premium collection provisions. Accordingly, the district court erred in concluding Gateway was Kutcka's and Dejno's statutory employer entitling it to immunity from suit under N.D.C.C. § 65-04-28.

## IV

[¶24] The district court improperly granted summary judgment. We reverse and remand for further proceedings consistent with this decision.

[¶25] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr