# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 145

| | |
|---|---|
| Erik Gonzalez, | Plaintiff and Appellee |
| v. | |
| Savanna Perales, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

## No. 20230026

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

Shawn L. Autrey, Grand Forks, N.D., for plaintiff and appellee; submitted on brief.

Jonathan L. Green, Wahpeton, N.D., for defendant and appellant.

# Gonzalez v. Perales
## No. 20230026

**Tufte, Justice.**

[¶1]   Savanna Perales appeals from a district court order requiring her to return her children to North Dakota. Perales and Erik Gonzalez were divorced by a Texas divorce decree. After the divorce, both parties lived in North Dakota. Perales then relocated with the children to Georgia. The district court, in an ex parte emergency order, ordered Perales to return the children to North Dakota. Later, the court held a hearing and issued the order from which Perales appeals. We conclude this order is not appealable and dismiss the appeal.

I

[¶2]   In support of jurisdiction over this appeal, Perales cites only to Article VI, §§ 2 and 6 of the North Dakota Constitution. "The right to appeal is a jurisdictional matter which this Court may consider sua sponte." *Frontier Enterprises, LLP v. DW Enterprises*, LLP, 2004 ND 131, ¶ 3, 682 N.W.2d 746 (citing *Belden v. Hambleton*, 554 N.W.2d 458, 460 (N.D.1996)).

[¶3]   "Appeals shall be allowed from decisions of lower courts to the supreme court as may be provided by law." N.D. Const. art. VI, § 6. "The right to appeal is governed by statute, and an appeal must be dismissed if there is no statutory basis for the appeal." *Kainz v. Jacam Chem. Co. 2013, LLC*, 2023 ND 42, ¶ 9, 987 N.W.2d 320 (citing *Whitetail Wave LLC v. XTO Energy, Inc.*, 2022 ND 171, ¶ 6, 980 N.W.2d 200). "[S]ubject matter jurisdiction cannot be conferred by agreement, consent, or waiver." *State v. Winegar*, 2017 ND 106, ¶ 6, 893 N.W.2d 741 (citation omitted).

[¶4]   "The interpretation and application of a statute is a question of law, which is fully reviewable on appeal." *E.R.J. v. T.L.B.*, 2023 ND 85, ¶ 8, 990 N.W.2d 570 (quotations and citations omitted). "The primary objective in interpreting a statute is to determine the intent of the legislation." *Kutcka v. Gateway Bldg. Sys., Inc.*, 2023 ND 91, ¶ 6, 990 N.W.2d 605. "In ascertaining the intent of the legislation, we look first to the words in a statute, giving them

their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears." *Id.* (citing N.D.C.C. § 1-02-02).

## II

[¶5] Generally, this Court will not hear appeals from interlocutory orders, because they are premature and the trial court may revise them at any time before the entry of final judgment adjudicating all claims. *Frontier Enterprises, LLP*, 2004 ND 131, ¶ 4 (citation omitted); *see also Fritz v. Hassan*, 316 N.W.2d 797, 799 (N.D. 1982). "An order by a trial court is interlocutory when it is not dispositive of the action, or some part thereof, in the trial court." *Northwest Airlines, Inc. v. State through Bd. of Equalization*, 244 N.W.2d 708, 710 (N.D. 1976).

[¶6] "Only those judgments and decrees which constitute a final determination of the rights of the parties to an action and those orders enumerated in N.D.C.C. § 28-27-02 are appealable." *Frontier Enterprises, LLP*, 2004 ND 131, ¶ 3; *see also Tibbetts v. Dornheim*, 2004 ND 129, ¶ 10, 681 N.W.2d 798. We use a two-step analysis to determine whether this Court has jurisdiction.

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in [N.D.C.C. §] 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), N.D.R.Civ.P., [if applicable,] must be complied with. If it is not, we are without jurisdiction.

*Matter of Guardianship of S.M.H.*, 2021 ND 104, ¶ 8, 960 N.W.2d 811.

[¶7] Section 28-27-02, N.D.C.C., provides for this Court's appellate jurisdiction over district court orders.

> The following orders when made by the court may be carried to the supreme court:
> 1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35-22-04, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

[¶8] To be appealable under N.D.C.C. § 28-27-02(1), an order must determine the action and prevent a judgment from which an appeal might be taken. N.D.C.C. § 28-27-02(1). For example, a district court order dismissing a complaint without prejudice is not appealable. *Bell v. Pro Tune Plus*, 2013 ND 147, ¶ 4, 835 N.W.2d 858. Such an order neither "determines the action [nor] prevents a judgment from which an appeal might be taken" because generally a party may immediately file a new complaint. *Id.* In *Bell*, the district court's order was appealable because it ended the action in the district court by remanding to small claims court and barred the appellant from proceeding in the district court for so long as it remained pending in small claims court. *Id.* Also under N.D.C.C. § 28-27-02(1), an order must affect "a substantial right made in any action." In *Winegar*, we concluded we had jurisdiction on appeal over a temporary order that was interlocutory and not a final judgment

3

because the order controlled the parties' parenting time and rights for two years. 2017 ND 106, ¶ 8.

[¶9] "Generally, interlocutory orders are not appealable, except that by statute [N.D.C.C. § 28-27-02(5)] all orders may be appealed if they involve the merits of the action." *Northwest Airlines, Inc.*, 244 N.W.2d at 710. Under N.D.C.C. § 28-27-02(5), "[t]he words 'merits of the action' cannot be clearly defined in any technical legal sense[;] however they can be regarded as referring to significant legal rights as distinguished from technicalities relating to only procedure or form." *Id.* For example, an order that grants or denies severance is interlocutory and "relates to the mode" of how a trial is conducted rather than the merits of the controversy. *Bismarck Pub. Sch. Dist. No. 1 v. Ritterbush Associates, P. C.*, 313 N.W.2d 712, 714 (N.D. 1981).

[¶10] An "order is not appealable under § 28-27-02(5) unless, in effect, it finally determines some substantive legal right of appellant" or "is dispositive of a substantive issue." *Fritz*, 316 N.W.2d at 799. "An order which 'involves the merits', within the meaning of the statute, must be decisive of the question involved in the cause or of some strictly legal right of the party appealing as distinguished from mere questions of practice," but "an order is not appealable under such a provision as subdivision 5, supra, unless, in effect, it finally determines some positive legal right of appellant relating thereto." *Schaff v. Kennelly*, 69 N.W.2d 777, 780 (N.D. 1955) (In *Schaff*, we interpreted N.D.R.C. 1943, 28-2702, subd. 5, which was identical to subsection 28-27-02(5), N.D.C.C.). "An order which leaves the point involved still pending before the court, and undetermined, does not involve the Merits." *Id.* (quotations and citations omitted).

[¶11] In *Kostrzewski v. Frisinger*, we concluded that an order decided the merits of an action under N.D.C.C. § 28-27-02(5). 2004 ND 108, ¶ 10, 680 N.W.2d 271. The district court order denied a motion which objected to the registration of a Minnesota child custody judgment. *Id.* at ¶¶ 10-11. "The denial of objections and confirmation of a foreign custody judgment is appealable because confirmation of a foreign child custody judgment decides the validity

of a foreign child custody judgment for registration and enforcement purposes." *Id.* at ¶ 11.

[¶12] The district court order appealed here by Perales required her to return the children to North Dakota. The district court issued the interim order under Rule 8.2(a) of the North Dakota Rules of Court, having been satisfied that good cause existed to issue the order because there were exceptional circumstances. Rule 8.2(a), N.D.R.Ct., states:

> (a) Ex Parte Interim Order.
> (1) No interim order may be issued except on notice and hearing unless the court specifically finds exceptional circumstances. Exceptional circumstances include:
> (A) threat of imminent danger to any party or minor child of the party; or
> (B) circumstances indicating that an ex parte interim order is necessary to protect the parties, any minor children of the parties, or the marital estate.

[¶13] An interim order issued under Rule 8.2(a), N.D.R.Ct., does not bind the district court in later proceedings. "The ex parte interim order remains in effect until it is amended following a court hearing." N.D.R.Ct. 8.2(a)(6). Additionally, the Rule contemplates that a judgment will be the final determination on a matter, not the interim order. The Rule states, "No ex parte interim order modifying primary residential responsibility may be issued postjudgment." N.D.R.Ct. 8.2(a)(8).

[¶14] After the district court issued its order, Perales moved for ex parte interim relief under Rule 8.2, N.D.R.Ct., because Gonzalez did not disclose that he had been charged with several crimes, including gross sexual imposition, burglary, and sexual assault. The court concluded that exceptional circumstances existed under the Rule and issued a modified interim order. The court ordered that "all other provisions and terms contained in the Final Decree of Divorce, dated May 7, 2021, issued by the Val Verde County District Court, 83rd Judicial District, State of Texas Court, shall remain in full force and effect." This interim order superseded the order requiring Perales to return her children to North Dakota and from which she appeals.

5

[¶15] The district court's later amendment of the order demonstrates it did not "determine[] the action and prevent[] a judgment from which an appeal might be taken." N.D.C.C. § 28-27-02(1). *Winegar* does not control the result here because the order had been issued for approximately a month at the time Perales appealed, and unlike in *Winegar*, there was no reason to expect it would in effect determine the action for years to come or otherwise affect a substantial right. For the same reasons, under N.D.C.C. § 28-27-02(5) the district court's interim order did not finally determine a substantive legal right of the appellant or dispose of a substantive issue. *Fritz*, 316 N.W.2d at 799. None of the other provisions in N.D.C.C. § 28-27-02 authorize this appeal.

III

[¶16] Under the Uniform Child Custody Jurisdiction and Enforcement Act, N.D.C.C. § 14-14.1-34 [UCCJEA §314 (1997)], "An appeal may be taken from a final order in a proceeding under sections 14-14.1-22 through 14-14.1-37 in accordance with expedited appellate procedures in other civil cases…." The official comments to section 314 of the UCCJEA maintain that an "order may be appealed as an expedited civil matter," and "[t]his section leaves intact the possibility of obtaining an extraordinary remedy such as mandamus or prohibition from an appellate court to stay the court's enforcement action," but only regarding final orders. UCCJEA §314.

[¶17] Whether or not this Court has appellate jurisdiction under N.D.C.C. § 14-14.1-34 [UCCJEA §314 (1997)] depends on whether the district court's order is a final order. "Final order" is not defined in the chapter's definition section. N.D.C.C. § 14-14.1-01. One common definition of "final order" is "[a]n order that is dispositive of the entire case." *Order, Final Order*, *Black's Law Dictionary* 1123 (7th ed. 1999). In contrast, an interim order is "[a] temporary court decree that takes effect until something else occurs." *Order, interim Order*, *Black's Law Dictionary* 1123 (7th ed. 1999).

[¶18] The purpose of the UCCJEA is to "avoid jurisdictional competition and conflicts with courts of other States in matters of child custody which have in the past resulted in the shifting of children from State to State with harmful effects on their well-being." *Gooss v. Gooss*, 2020 ND 233, ¶ 10, 951 N.W.2d

247. To promote uniformity of the law, we consider opinions of other jurisdictions that have interpreted parallel provisions of the act. N.D.C.C. § 1-02-13.

[¶19] The court of appeals of Texas, San Antonio concluded that an order was not a final order under the UCCJEA because "[t]he record shows that the implementation of the August 17, 2010, order was abated by the trial court in its October 25, 2010, order." *In re J.P.L.*, 359 S.W.3d 695, 702 (Tex. App. 2011). "The purpose of this abatement was to allow the trial court to hold a contested hearing and reconsider the merits of Diaz's petition." *Id.* (citing Tex. Fam. Code Ann. § 152.314). Because the trial court abated and reconsidered the merits of the August 17, 2010 order, it was not a final order under UCCJEA § 314. *Id.*

[¶20] On the basis of the above authorities, we interpret "final order" in N.D.C.C. § 14-14.1-34 [UCCJEA §314 (1997)] to mean an order that finally determines some substantive legal right of a party or is dispositive of a substantive issue. For the same reasons as our analysis under N.D.C.C. § 28-27-02, we conclude that the order is not a final order appealable under N.D.C.C. § 14-14.1-34 [UCCJEA §314 (1997)].

[¶21] Because no statute authorizes this appeal, we need not consider whether Rule 54(b), N.D.R.Civ.P., has been complied with. *S.M.H.*, 2021 ND 104, ¶ 8.

## IV

[¶22] We conclude Perales' appeal from the district court order requiring her to return her children to North Dakota is not within this Court's jurisdiction, and we dismiss the appeal.

[¶23] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

7